UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Gregory Maggi

    v.	Civil No. 18-cv-059-LM
	Opinion No. 2024 DNH 004 P
Grafton County Department of
Corrections, et al.

**O R D E R**

    Plaintiff Gregory Maggi brings this action under 42 U.S.C. § 1983 against the Grafton County Department of Corrections ("GCDC"), the Grafton County Commissioners, and current and former GCDC officials. Maggi alleges that defendants violated his rights under the United States Constitution and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), and engaged in tortious conduct under New Hampshire law while he was imprisoned at GCDC from February 19, 2013, through December 22, 2014. This court previously granted defendants' motion for summary judgment because it found there was no genuine dispute of material fact that Maggi filed this action after the statute of limitations expired. On appeal, the First Circuit vacated the grant of summary judgment and remanded to this court for the purpose of revisiting whether it would be appropriate to equitably toll the statute of limitations during the time Maggi spent in "psychiatric wards" while imprisoned at the New Hampshire State Prison for Men ("NHSP") and the Northern New Hampshire Correctional Facility ("NNHCF") between December 2014 and December 2017.

Defendants have since filed a renewed motion for summary judgment contending that they are entitled to judgment as a matter of law on all of Maggi's claims because there is no genuine dispute of material fact that the doctrine of equitable tolling is inapplicable. Doc. no. 94. Maggi objects. Doc. no. 97. For the following reasons, defendants' renewed motion (doc. no. 94) is granted.

## STANDARD OF REVIEW

A movant is entitled to summary judgment where he "shows that that there is no genuine dispute as to any material fact and [that he] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing the record, the court construes all facts and reasonable inferences in the light most favorable to the nonmovant. Kelley v. Corr. Med. Servs., Inc., 707 F.3d 108, 115 (1st Cir. 2013).

## BACKGROUND[1]

On February 19, 2013, Maggi was arrested on state criminal charges and detained at GCDC, where he remained pending trial on those charges. Following his conviction, he was sentenced in state court on December 22, 2014, and transferred to NHSP. Between December 2014 and December 2017, Maggi spent time at NHSP as well as NNHCF. Maggi commenced the instant proceeding on January 19, 2018. He claims that defendants violated his federal constitutional and statutory rights and engaged in tortious conduct under state law while he was detained at GCDC between February 19, 2013, and December 22, 2014.

---

[1] The following facts are drawn from the record and are not in genuine dispute.

Defendants previously moved for summary judgment on the ground that Maggi did not file the complaint in this case until after the expiration of the applicable statute of limitations. In objecting to defendants' motion, Maggi contended that his complaint was timely pursuant to the "discovery rule," the doctrine of fraudulent concealment, and equitable tolling. This court granted defendants' motion because it concluded that Maggi failed to demonstrate the existence of a genuine dispute of material fact upon which his action could be deemed timely.

Maggi then appealed to the First Circuit. The First Circuit upheld this court's conclusions that Maggi failed to show a genuine dispute that his action was timely under the discovery rule or the doctrine of fraudulent concealment. However, the Circuit vacated the grant of summary judgment and remanded so that this court could revisit Maggi's request that the time he spent in psychiatric wards at NHSP and NNHCF be tolled pursuant to the doctrine of equitable tolling. The Circuit did not direct this court to consider any other basis upon which Maggi might invoke equitable tolling. Defendants now renew their motion for summary judgment.

## DISCUSSION

A defendant may move for summary judgment on the basis of an affirmative defense, such as the statute of limitations. Oullette v. Beaupre, 977 F.3d 127, 135 (1st Cir. 2020) (quotation omitted). When a defendant moves for summary judgment on statute-of-limitations grounds, the movant may carry its burden by conclusively demonstrating the absence of a genuine dispute that the plaintiff's action was filed

3

outside the applicable limitations period. Id.; N.H. Ball Bearings, Inc. v. GeoSierra Env't, Inc., No. 20-cv-258-PB, 2021 WL 3847494, at *3-4 (D.N.H. Aug. 27, 2021). If the movant carries this burden, then the burden shifts to the nonmovant to adduce evidence from which a reasonable trier of fact could conclude that his action was timely filed. Oullette, 977 F.3d at 135; N.H. Ball Bearings, 2021 WL 3847494, at *4. "The plaintiff may, for example, provide evidence that the statutory bar should be tolled." Insulet Corp. v. EOFlow Co., Ltd., Civ. No. 23-11780-FDS, 2024 WL 4635197, at *7 (D. Mass. Oct. 31, 2024).

Here, as noted, Maggi brings constitutional claims under § 1983 and statutory claims under Title II of the ADA. He also brings a claim for intentional infliction of emotional distress under New Hampshire common law. All of Maggi's claims are subject to the three-year statute of limitations set forth in RSA 508:4, I. See Fincher v. Town of Brookline, 26 F.4th 479, 485-86 (1st Cir. 2022); Sullivan v. Chester Water Auth., No. 2:22-cv-00147-JDL, 2022 WL 2901068, at *12 (D. Me. July 22, 2022) (citing Nieves-Márquez v. Puerto Rico, 353 F.3d 108 (1st Cir. 2003)), R&R approved, 2022 WL 3912549, at *1 (D. Me. Aug. 31, 2022); Conrad v. Hazen, 140 N.H. 249, 250-51 (1995); RSA 508:4, I. There is no dispute that Maggi was incarcerated at GCDC between February 19, 2013, and December 22, 2014, or that all of the events underlying each claim in this action occurred during that time period. Nor is there cause to revisit this court's prior ruling that all of Maggi's claims accrued, at the latest, on the date he left GCDC's custody—December 22,

2014.[2] Finally, it is undisputed that Maggi initiated this action on January 19, 2018, which was more than three years from the time his claims accrued. For these reasons, defendants have carried their burden of demonstrating the absence of a genuine dispute that Maggi filed this action outside the applicable limitations period, and the burden shifts to Maggi to identify evidence from which a trier of fact could find that the limitations period was tolled prior to its expiration pursuant to the doctrine of equitable tolling.

When, as here, a federal court borrows a state's statute of limitations, the court also borrows the state's tolling rules, unless doing so would be "hostile to federal interests." Martínez-Rivera v. Puerto Rico, 812 F.3d 69, 74-75 (1st Cir. 2016). Under New Hampshire law, the doctrine of equitable tolling may permit the tolling of a statute of limitations "only if the claimant was prevented in some extraordinary way from exercising his or her rights." Portsmouth Country Club v. Town of Greenland, 152 N.H. 617, 623 (2005) (quotation omitted). It is typically invoked where "the plaintiff is actively misled by the defendant about the cause of action," Kierstead v. State Farm Fire & Cas. Co., 160 N.H. 681, 688 (2010) (quoting Portsmouth Country Club, 152 N.H. at 623), or where the "plaintiff did not have,

---

[2] In objecting to defendants' renewed motion for summary judgment, Maggi argues that his claims accrued sometime after December 22, 2014, pursuant to the discovery rule. Maggi's argument is outside the scope of the First Circuit's limited remand, which only directed this court to revisit whether a particular factual circumstance justified equitable tolling. The Circuit did not instruct this court to revisit the date Maggi's claims accrued. Indeed, the Circuit expressly rejected Maggi's discovery rule argument seeking to fix accrual at some point after December 22, 2014. See Maggi v. Grafton Cnty. Dep't of Corr., No. 23-1002, 2024 WL 3384813, at *2 (1st Cir. July 9, 2024).

and could not have had with due diligence, the information essential to bringing suit," Portsmouth Country Club, 152 N.H. at 624 (quoting Protective Life Ins. Co. v. Sullivan, 682 N.E.2d 624, 635 (1997)). But in all cases, to trigger equitable tolling, there must be "extraordinary circumstance[s]." Id. at 623; accord, e.g., Croucher v. Atrium Med. Corp., No. 16-cv-371-LM, 2019 WL 4542724, at *2 (D.N.H. Sept. 19, 2019); In re Old Cold, LLC, Bk. No. 15-11400-CJP, 2021 WL 3484662, at *17 (Bankr. D.N.H. Aug. 6, 2021). For this reason, the doctrine of equitable tolling is "rarely used." Lockheed Martin Corp. v. RFI Supply, Inc., 440 F.3d 549, 558 (1st Cir. 2006) (applying New Hampshire law); see also Schomaker v. United States, No. 07-CV-164-PB, 2008 WL 2065918, at *4 (D.N.H. May 13, 2008) (noting that equitable tolling "is the exception rather than the rule" under both New Hampshire and federal law (quoting Neverson v. Farquharson, 366 F.3d 32, 42 (1st Cir. 2004))).

In opposing defendants' prior motion for summary judgment, Maggi argued that, once he was transferred from GCDC to NHSP, he was housed in the Reception and Diagnostics Unit ("R&D"). According to Maggi, R&D is not a psychiatric ward but is instead an area of NHSP "where new inmates are housed." Doc. no. 69-1 at 6. Maggi was housed in R&D from December 22, 2014, through approximately January 8, 2015. He was then housed in NHSP's Secure Housing Unit ("SHU") from January 8 through 12, 2015. Once again, according to Maggi, he was not housed in SHU at this time because of any purported psychiatric conditions, but rather because "[t]his housing unit was used as overflow for [R&D]." Doc. no. 69-2 at 3. Maggi contends that he was unable to access NHSP's law library during the time he

was housed in R&D and SHU, and that upon his transfer to a different housing unit after leaving SHU, he was forced to reapply for library access, which delayed his access to NHSP's law library until February 2015.

Maggi also opposed defendants' prior motion for summary judgment on the ground that he was held in "the health services isolation tank" at NHSP "for a total of thirteen days," and that he was unable to access his legal paperwork, the law library, or any other legal resources during this time. Doc. no. 69-2 at 3. The basis for Maggi's placement in NHSP's health services isolation tank is unclear from the record, and he does not make clear when, precisely, he was housed in this setting.

Maggi further claimed in opposing defendants' prior motion that he was held in NNHCF's "health services isolation tank" from August 12, 2015, through September 16, 2015, and was also held in NNHCF's "health services patient room" from November 20, 2015, through December 1, 2015. Id. at 3-4. He again asserted that he was unable to access any legal paperwork, legal resources, or the law library during these times.

From September 16, 2015, through October 27, 2015, Maggi claimed he was held in the Secure Psychiatric Unit ("SPU") at NHSP but also acknowledged that he "received some legal work" after being at SPU for "several weeks." Id. at 4. He claimed that he was not provided with "what [he] needed to work on the case." Id. at 4.

Finally, Maggi claimed that he was housed in the Residential Treatment Unit ("RTU") at NHSP from January 12, 2016, through February 29, 2016. Maggi

7

claimed that he received the "majority" of his legal work "a few days before leaving this unit" and had a "small portion" of his materials given to him "in dribs and drabs" before that point. Id. He conceded that he was able to access a computer with Lexis while at RTU but asserted that this resource was available only "a few times" and claimed "[he] didn't have what [he] needed to move forward with [his] case." Id.

Across these different residential settings, Maggi claimed that he was deprived access to legal materials needed to pursue his case for a total of 156 days. Doc. no. 69-1 at 6. However, in granting defendants' prior summary judgment motion, this court declined to address Maggi's argument that conditions of his confinement at NHSP and NNHCF prevented him from timely filing this action because the court found no genuine dispute that Maggi had all the information needed to bring this action before he was transferred to NHSP in December 2014. See Maggi v. Grafton Cnty. Dept. of Corr., 633 F. Supp. 3d 508, 519-20 n.9 (D.N.H. 2022); see also Portsmouth Country Club, 152 N.H. at 624 (explaining that equitable tolling typically applies only when the plaintiff lacked the information necessary to bring suit and could not have discovered that information through the exercise of reasonable diligence). On appeal, the First Circuit vacated the grant of summary judgment and remanded with instructions to revisit "Maggi's request for equitable tolling of the 150-plus days spent in psychiatric wards."[3] Maggi v. Grafton Cnty. Dep't of Corr., No. 23-1002, 2024 WL 3384813, at *1-2 (1st Cir. July 9, 2024).

---

[3] It appears that the Circuit found Maggi to be arguing that the entirety of the 156-day period he complained of was spent in psychiatric wards. This court construes

In objecting to defendants' renewed motion for summary judgment, Maggi makes numerous arguments that are outside the scope of the First Circuit's remand. For example, he renews his argument that the statute of limitations should be tolled pursuant to the doctrine of fraudulent concealment, and even raises an entirely new argument that defendants are equitably estopped from relying upon the statute of limitations as an affirmative defense. He also contends that the statute of limitations is subject to equitable tolling because GCDC—not NHSP or NNHCF—provided him with inadequate legal materials. All such arguments are outside the scope of the only issue before this court: whether Maggi has adduced evidence from which a reasonable trier of fact could conclude that the statute of limitations was tolled while Maggi was housed in psychiatric wards at NHSP or NNHCF. While Maggi is proceeding pro se, he has demonstrated a sophisticated understanding of the law and has ably litigated his opposition to summary judgment. Rather than provide further argument on the issue currently before the court, Maggi only asserted in his surreply that he has already "clearly demonstrated" he was without access to materials needed to work on this case for some periods while at NHSP. Doc. no. 99 at 2.

However, in his objection to the renewed motion, Maggi noted that he wished to incorporate all prior arguments made in opposition to summary judgment. And,

---

the Circuit's order as a directive to reconsider whether Maggi has shown a genuine dispute of material fact that he is entitled to equitable tolling of the statute of limitations during any of the periods he was housed in the residential settings discussed above, regardless of whether those settings may be considered psychiatric wards.

9

as discussed, Maggi did devote argument in his objection to the prior summary judgment motion to the proposition that his time spent in various residential settings at NHSP and NNHCF prevented him from accessing the information and resources needed to bring this action prior to expiration of the limitations period. Consistent with the First Circuit's instruction, this court therefore revisits the possibility that Maggi's time spent in certain restrictive residential settings after transfer from GCDC generates a genuine dispute as to the applicability of equitable tolling to Maggi's case.

As noted, to invoke the "rarely used" doctrine of equitable tolling, Lockheed Martin, 440 F.3d at 558, Maggi must adduce evidence that he was "prevented in some extraordinary way from exercising his . . . rights," Portsmouth Country Club, 152 N.H. at 623 (quotation omitted). Defendants contend that Maggi has not done so because it is undisputed that, around the same time periods Maggi claims to have been unable to work on or initiate this case because of restrictive residential settings at NHSP and NNHCF, he was actively pursuing other litigation.

For example, Maggi filed a pro se civil suit in this court on March 21, 2016. See Maggi v. Grant, No. 16-cv-105-JL (D.N.H. Mar. 21, 2016). Notably, this action was brought less than one month after Maggi left RTU at NHSP—the last of the alleged restrictive residential settings Maggi claims left him unable to pursue his rights in the instant action. In Maggi v. Grant, Maggi submitted a cogent, pro se civil complaint against an individual and a business alleging that these defendants stole Maggi's belongings from premises that he leased following his arrest and

10

incarceration at GCDC. Subsequently, in December 2016, Maggi retained counsel in that matter and filed an amended complaint in March 2017. In December 2017, he prevailed at the summary judgment stage, successfully persuading the court to deny defendants' motion in most respects and grant it as to only one count. Then, on the eve of trial in January 2018, Maggi entered into a settlement agreement.

This was not the only matter Maggi was actively litigating in this court during the limitations period relevant to the instant action. On March 15, 2017, he filed an additional pro se civil suit. See Maggi v. McComiskey, No. 17-cv-109-SM (D.N.H. Mar. 15, 2017). He brought claims related to his state court trial, including for conspiracy to obstruct a state court proceeding, malicious prosecution, and defamation. Maggi filed a motion to amend his complaint shortly thereafter, on April 7, 2017, which was granted. In July 2017, he filed a motion to preserve and produce property allegedly seized from him in the course of investigating his state court charges, and shortly thereafter obtained subpoenas for the production of certain items allegedly in the possession of the Grafton County Attorney's Office. The court granted defendant's motion to dismiss on October 23, 2017. On November 14, 2017—shortly before the expiration of the three-year limitations period applicable to the instant action on December 22, 2017—Maggi filed a motion to reconsider dismissal of the McComiskey action. The court denied Maggi's motion, and, on January 11, 2018, he filed a notice of appeal to the First Circuit. The First Circuit essentially upheld dismissal, but, as Maggi's lone federal claim (the conspiracy claim) was clearly without merit, the Circuit vacated the dismissal with

11

prejudice of Maggi's state law claims and remanded with instructions that they be dismissed without prejudice for want of jurisdiction.

Maggi's active litigation of other matters during the limitations period applicable to the instant suit did not end with the Grant and McComiskey actions. On June 22, 2017, he filed a petition for a writ of habeas corpus through counsel. See Maggi v. NH State Prison, Warden, No. 17-cv-253-PB (D.N.H. June 22, 2017). He contended that his state court convictions were the product of various constitutional violations, including violation of his right to act as his own counsel and his right to the effective assistance of counsel. Maggi thereafter moved to stay his 18 U.S.C. § 2254 petition in order to exhaust his claims in state court. The requested stay was granted and Maggi proceeded with a state court habeas action in Merrimack County Superior Court, filing periodic status reports with this court regarding the progress of his state court action. In May 2019, counsel withdrew from representation of Maggi, citing an irreconcilable breakdown in the attorney-client relationship, and Maggi thereafter proceeded pro se in the § 2254 action and his state court habeas action.[4] The stay was lifted in May 2020, and, after over four years of pro se litigation in this court, judgment issued in defendant's favor, which Maggi has recently appealed to the First Circuit.

Maggi's active litigation of other matters in this court during the limitations period applicable to the instant suit demonstrates that extraordinary circumstances

---

[4] Counsel also informed this court in May 2019 that he had withdrawn from representation of Maggi in the state court habeas action on the same grounds.

relating to his conditions of confinement during the limitations period did not prevent Maggi from exercising his rights in this action.[5] Even assuming Maggi was unable to exercise his rights during the periods he was housed in the allegedly restrictive residential settings at NHSP and NNHCF during the limitations period, his active, intelligible pursuit of other proceedings—much of which was done on a pro se basis—demonstrates that he had the capacity to bring this action within the limitations period despite any restrictions imposed by such residential settings. See Riva v. Ficco, 803 F.3d 77, 83 (1st Cir. 2015) (affirming district court's conclusion that habeas petitioner's "organized and comprehensible pursuit" of other proceedings "tends to indicate that [petitioner] had a similar capacity to pursue his legal affairs during the tolling period" (quotation omitted)). The allegedly restrictive residential settings Maggi complains of cannot constitute an extraordinary circumstance that prevented him from exercising his rights and initiating this action prior to the expiration of the tolling period, because those settings did not prevent him from initiating and actively litigating numerous other actions, including immediately after the alleged restrictions were lifted in March 2016, and immediately before the limitations period expired in December 2017. See id.; see also Price v. Lewis, 119 F. App'x 725, 726-27 (6th Cir. 2005) (rejecting habeas

---

[5] What is more, Maggi was also actively litigating actions in New Hampshire state courts during the limitations period—separate and apart from the state court habeas action already discussed. On September 5, 2017, Maggi filed two separate pro se legal malpractice actions in Merrimack County Superior Court. See Gregory Maggi v. Mark Sisti, No. 217-2017-CV-462 (N.H. Merrimack Cnty. Super. Ct. Sept. 5, 2017) (doc. no. 26-1 at 9); Gregory Maggi v. Michael Anderson, No. 217-2017-CV-463 (N.H. Merrimack Cnty. Super. Ct. Sept 5, 2017) (doc. no. 26-1 at 11).

petitioner's argument that his two-month placement "in a 'lock down' psychiatric unit" presented an exceptional circumstance justifying equitable tolling in light of evidence that petitioner "actively pursued his claims during the limitations period"); Biester v. Midwest Health Servs., 77 F.3d 1264, 1268 (10th Cir. 1996) (denying request for equitable tolling where, despite plaintiff's alleged mental condition, he actively pursued his Title VII claim during the limitations period by obtaining a right-to-sue letter, communicating with his attorney about the letter, and providing his attorney with the letter); cf. Martin v. Somerset Cnty, 86 F.4th 938, 946 (1st Cir. 2023) ("The result might be different if a mental incapacitation had occurred near the end of the limitations period and a plaintiff could show that she had otherwise been prepared to file her complaint on time.").

Although the court reaches this conclusion under New Hampshire law, it would reach the same conclusion under principles of federal law applicable to equitable tolling. As with New Hampshire law, to carry "[t]he heavy burden of establishing entitlement to equitable tolling" under federal law, Vázquez-Rivera v. Figueroa, 759 F.3d 44, 50 (1st Cir. 2014) (quotation omitted), the plaintiff must demonstrate that he "has pursued [his] rights diligently but some extraordinary circumstance prevent[ed] [him] from bringing a timely action," Martin, 86 F.4th at 945 (quoting Arellano v. McDonough, 598 U.S. 1, 6 (2023)). And application of equitable tolling under federal law "remains subject to careful case-by-case scrutiny." Id. (quoting Nunnaly v. MacCausland, 996 F.2d 1, 4 (1st Cir. 1993)). Here, for the reasons already discussed, the court's careful scrutiny reveals that

14

Maggi's various residential settings at NHSP and NNHCF do not constitute an extraordinary circumstance that prevented him from bringing this action prior to expiration of the limitations period.

In his surreply to defendants' renewed motion, Maggi contends that equitable tolling is justified as to the time he spent in the allegedly restrictive residential settings at NHSP and NNHCF because he was unable to perform litigation while housed in those settings and because he lacked access to materials pertinent to this action for certain periods while in those settings. Even assuming Maggi's contention is accurate, however, equitable tolling as to certain times within a limitations period is not justified whenever a plaintiff is incapacitated or lacks access to materials pertinent to a potential civil action at some point within that limitations period. Rather, equitable tolling is only justified if such incapacitation or lack of access prevented the plaintiff from bringing his action prior to expiration of the limitations period. See id. at 946 (concluding that plaintiff was not entitled to equitable tolling of five-day period of incapacitation occurring during tolling period; "[e]ven if we were to set aside the five days . . . the plaintiff still had more than five years and eleven months within which to bring a timely suit" and plaintiff failed to "explain why, had she exercised ordinary diligence, she would not have been able to conform to this deadline"). Here, even if Maggi could not initiate this action while he was housed in the allegedly restrictive settings, for the reasons already discussed these restrictions did not prevent him from initiating and litigating numerous actions during the limitations period, and the asserted restrictions on access to

materials pertinent to this action were lifted approximately eighteen months before expiration of the limitations period. During those eighteen months, Maggi prioritized the litigation of other actions. That he chose to pursue those other actions at the instant matter's expense is no extraordinary circumstance.

For these reasons, Maggi has failed to adduce evidence demonstrating a genuine dispute that he is entitled to equitable tolling of the statute of limitations of the times he spent in allegedly restrictive residential settings at NHSP and NNHCF. He has therefore failed to carry his burden at summary judgment as to this issue, and defendants are entitled to judgment as a matter of law.

## CONCLUSION

Defendants' renewed motion for summary judgment (doc. no. 94) is granted. The clerk of court is directed to enter judgment and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

January 15, 2025

cc:   Gregory Maggi, pro se
      Counsel of Record